UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID P. LYLE and LEEANN C. LYLE,**

      **Plaintiffs,**

v.                                                            Case No: 6:13-cv-150-Orl-36TBS

**SUNTRUST MORTGAGE, INC., BRANCH BANKING AND TRUST COMPANY and ALL UNKNOWN PARTIES CLAIMING BY, THROUGH UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES,**

      **Defendants.**

_____

## ORDER

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Thomas B. Smith (Doc. 21). In the Report and Recommendation, Magistrate Judge Smith recommends that Plaintiffs David P. Lyle and LeeAnn C. Lyle's ("Plaintiffs") Motion to Remand ("Motion to Remand") (Doc. 14) be granted and that the case be remanded to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. *See* Doc. 21, p. 6. Defendant Branch Banking and Trust Company ("Defendant BB&T") filed an Objection to the Report and Recommendation ("Objection") (Doc. 23). Plaintiffs did not respond to the Objection. As such, this matter is ripe for review.

**I.     BACKGROUND**

On December 19, 2012, Plaintiffs, proceeding *pro se*,[1] filed a Verified Complaint to Quiet Title ("Complaint") in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Doc. 2. In the Complaint, Plaintiffs allege that they have title to, and possession of, certain real property ("Property") located in Maitland, Florida. *Id.* at ¶ 1–3. Plaintiffs attached to the Complaint a copy of a mortgage on the Property executed April 25, 2003 in favor of Defendant SunTrust Mortgage, Inc. ("Defendant SunTrust"), in the amount of $182,000 plus interest (the "SunTrust Mortgage"). *See* Doc. 2-2. Plaintiffs also attached a copy of a second mortgage on the Property executed May 24, 2006 in favor of Defendant BB&T, in the amount of $70,000 plus interest (the "BB&T Mortgage" and, together with the SunTrust Mortgage, the "Mortgages"). *See* Doc. 2-4.

In spite of these mortgage documents, Plaintiffs contend that neither Defendant SunTrust nor Defendant BB&T has lent them any money, and Plaintiffs have sent demands that Defendants provide proof of the loans. Doc. 2, ¶¶ 5, 12. Plaintiffs allege that Defendants have failed to provide such proof and, accordingly, Defendants do not have a valid interest in the Property. *Id.* at ¶¶ 6–7, 13–14. Plaintiffs have demanded that Defendants remove, satisfy, and release the Mortgages, but Defendants have refused to do so. *Id.* at ¶¶ 8–9, 15–16. Plaintiffs therefore seek a court order declaring the Mortgages null and void and quieting title to the Property. *Id.* at p. 6.

On January 24, 2013, Defendant SunTrust, with the consent of Defendant BB&T, filed a timely Notice of Removal based upon diversity jurisdiction, 28 U.S.C. § 1332.[2] *See* Doc. 1. In

---

[1] Plaintiffs have since obtained representation. *See* Doc. 22.

[2] Defendant SunTrust was served with a copy of the Complaint on December 27, 2012. *See* Doc. 4.

2

its Notice of Removal, Defendant SunTrust asserts that the amount in controversy requirement is satisfied because the amount of the SunTrust Mortgage is $182,000, thereby exceeding the $75,000 threshold. *Id.* at ¶ 5. On February 13, 2013, Plaintiffs filed their Motion to Remand, arguing that SunTrust has not satisfied its burden of proving federal subject matter jurisdiction. *See* Doc. 14. In its response in opposition to the Motion to Remand ("Response"), Defendant SunTrust attached a copy of an Underwriting Findings Report dated April 18, 2003 (the "Underwriting Findings Report"), which states that the appraised value of the Property is $250,000. *See* Docs. 19, 19-5. In its Response, Defendant SunTrust argues that the SunTrust Mortgage and the Underwriting Findings Report are each sufficient to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Doc. 19.

On March 25, 2013, Magistrate Judge Smith issued a Report and Recommendation recommending that this Court grant Plaintiffs' Motion to Remand, and remand the case to state court. Doc. 21, p. 6. The Magistrate Judge stated that the face value of the SunTrust Mortgage should not control the determination of the amount in controversy, and that other factors should be taken into consideration when valuing a mortgage, such as the amount of the debt it secures, the value of the property it encumbers, the priority of the mortgage, and any laws or ordinances affecting its enforceability. *Id.* at 4. The Magistrate Judge further opined that the Underwriting Findings Report is of no value because it is "hearsay" and the valuation date is April 18, 2003. *Id.* at 5. Therefore, the Magistrate Judge concluded that Defendants had not satisfied their burden of proving that the amount in controversy exceeds $75,000. *Id.*

On April 8, 2013, Defendant BB&T filed its Objection, arguing that the BB&T Mortgage was actually two mortgages, as evidenced by the attachments to Plaintiffs' Complaint, which included a $70,000 mortgage and a $50,000 mortgage. *See* Doc. 23, ¶¶ 2–3 (citing Docs. 2-4, 2-

3

6).  Therefore, Defendant BB&T claims that the value of the BB&T Mortgage is $120,000.  *Id.* at ¶ 4.  Defendant BB&T further argues that the total indebtedness payable to it is $75,227.92 as of April 5, 2013, although it provides no evidence of this.  *Id.* at p. 2, n.2.  Defendant BB&T also attached to its Objection:  (1) a copy of a 2013 valuation of the Property by the Orange County Property Appraiser, which placed the value of the Property at $214,763 (the "OCPA Valuation"); and (2) a copy of a December 21, 2010 appraisal of the Property by Southwest Financial Services, Ltd., which placed the value of the Property at $253,570 (the "SFS Appraisal").  *See* Docs. 23-1, 23-2.  Defendant BB&T argues that the foregoing documents prove that the amount in controversy exceeds $75,000.  *See* Doc. 23.

## II.     STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions.  *Id.*

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided that the district court has jurisdiction.  28 U.S.C. § 1441(a).  Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The party seeking removal bears the burden of proving proper federal jurisdiction.

4

*Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Id*. "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. . . . If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (internal citations and quotations omitted). In assessing whether removal is proper, the Court may consider "only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendant[ ] nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enterprises, Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004) (quotations omitted).

### III. DISCUSSION

It is undisputed that there is complete diversity among the parties and, therefore, the only issue before the Court is whether Defendants have satisfied their burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* Doc. 14, p. 3. In actions seeking declaratory relief, such as Plaintiffs' quiet title claim, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Ericsson*

*GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997). "The Eleventh Circuit has expressly adopted the 'plaintiff-viewpoint rule,' which requires the court to measure the object of the litigation solely from the plaintiff's perspective. Therefore, where a plaintiff claims injunctive or declaratory relief, the value of that relief for the purposes of satisfying the amount in controversy requirement is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted." *Siewak v. AmSouth Bank*, No. 8:06-cv-927, 2006 WL 3391222, at *3 (M.D. Fla. Nov. 22, 2006).

Here, Plaintiffs seek a court order quieting title to the Property and declaring the Mortgages null and void. Doc. 2, p. 6. If the Court were to grant Plaintiffs' request, the monetary benefit that would flow to Plaintiffs is that the Mortgages would no longer be enforceable against Defendants and that Plaintiffs would own the Property free and clear of any clouds on their title. Thus, the amounts payable under the Mortgages and the value of the Property are relevant to a determination of the amount in controversy. *See, e.g.*, *Prop. Choice Group, Inc. v. LaSalle Bank Nat'l Ass'n*, No. 8:12-cv-1042, 2012 WL 2568138, at *1 (M.D. Fla. July 2, 2012) (holding that the value of the mortgage at issue in a quiet title action determines the amount in controversy); *Ra'oof v. U.S. Bank*, No. 1:10-cv-3347-RWS, 2010 WL 4975496, at *1 (N.D. Ga. Dec. 1, 2010) (holding that the value of the property that the plaintiff seeks to protect in a quiet title action determines the amount in controversy); *Diversified Mortgage, Inc. v. Merscorp, Inc.*, No. 8:09-cv-2497, 2010 WL 1793632, at *2 (M.D. Fla. May 5, 2010) (holding that the face value of the mortgages determines the amount in controversy). The issue is whether Defendants have offered sufficient evidence to prove that the amount in controversy exceeds $75,000.

In *Cuevas v. SunTrust Mortgage, Inc.*, No. 6:13-cv-147, 2013 WL 1452031 (M.D. Fla. Apr. 9, 2013), this Court addressed the sufficiency of evidence offered to prove the amount in controversy in a quiet title action. In that case, the plaintiffs filed an action in state court to quiet title and invalidate the mortgage on the real property that served as their primary residence. *Cuevas*, Doc. 15. The defendant removed the case to federal court on the basis of diversity jurisdiction. *Id*. The plaintiffs filed a motion to remand, arguing that the amount in controversy requirement had not been met. *Id*. In response, the defendant pointed to a copy of the mortgage attached to the complaint, which stated that the plaintiffs owed the defendant $255,000 plus interest. *Id*. The defendant also submitted a five-year-old appraisal of the property with its response to the motion to remand, which valued the property at $330,000. *Id*. The Court, adopting the Report and Recommendation of Magistrate Judge Baker, held that the mortgage and the appraisal were sufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeded $75,000. *Cuevas*, 2013 WL 1452031, at *1.

Similarly here, Defendant SunTrust has offered evidence regarding the amount of the Mortgages and the fair market value of the Property. Defendant SunTrust points to the SunTrust Mortgage attached to the Complaint, which states that Plaintiffs owe Defendant SunTrust $182,000 plus interest. *See* Doc. 19, pp. 6–7 (citing Doc. 2-2). Defendant SunTrust also offers the Underwriting Findings Report, which states that the appraised value of the Property is $250,000. *See id.* at 7–8 (citing Doc. 19-5). Consistent with *Cuevas*, the Court finds that the SunTrust Mortgage and the Underwriting Findings Report are sufficient to satisfy Defendants' burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds

$75,000.³ Therefore, the Court will decline to follow the Report and Recommendation of the Magistrate Judge.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of the Magistrate Judge (Doc. 21) is **rejected**.

2. Plaintiffs' Motion to Remand (Doc. 14) is **DENIED**.

3. Plaintiffs' request for attorneys' fees, costs, and expenses is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 4, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Thomas B. Smith

---

³ Because the Court finds that the SunTrust Mortgage and the Underwriting Findings Report are sufficient for purposes of proving the amount in controversy, the Court need not consider the OCPA Valuation or the SFS Appraisal, which were submitted with Defendant BB&T's Objection, after the Magistrate Judge issued his Report and Recommendation. In addition, the Court will not consider the statement in Defendant BB&T's Objection that the total indebtedness payable to it is $75,227.92 as of April 5, 2013, because it is merely argument of counsel and is not supported by any evidence.